UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | 2:23cr20187-JTF |
| | ) | |
| Plaintiff, | ) | CR. No. _____ |
| v. | ) | |
| | ) | 18 U.S.C. § 1341 |
| **SHAUN C. KAVANAUGH,** | ) | |
|    a/k/a **DYLAN RUSSO** | ) | |
|    a/k/a **DANIEL DONOVAN** | ) | |
|    a/k/a **KELLI CAMPBELL** | ) | |
|    a/k/a **PHILLIP WAGNER** | ) | |
|    a/k/a **KEVIN JOHNSON** | ) | |
|    a/k/a **BARRY WEST,** | ) | |
| | ) | |
| Defendant. | ) | |

# I N D I C T M E N T

**THE GRAND JURY CHARGES:**

## Introductory Paragraphs

1. At all times material to this indictment, Federal Express Corporation (hereinafter "FedEx"), commonly referred to as FedEx, was a private and commercial interstate carrier that operated throughout the United States.

2. At all times material to this indictment, Defendant **SHAUN C. KAVANAUGH** (hereinafter "the defendant") resided in the State of Florida.

## The Shipping Process

3. At all times material to this indictment, FedEx was a private and commercial interstate carrier that accepted packages for delivery and delivered those packages throughout the United States. FedEx maintained locations where customers could deposit packages for delivery by FedEx. Many of these locations were unstaffed "drop boxes" while other locations were staffed store fronts. A FedEx drop box is a metal container

into which a customer can tender a package to FedEx for delivery by placing it in the drop box.

4. At all times relevant to this indictment, a customer shipping a package via FedEx was required to fill out a FedEx airbill and attach it to a package deposited with FedEx for delivery. The airbill was a preprinted fill-in-the-blank form that contained spaces for the customer to write information about the package being shipped, including the name and address of the sender of the package; the name and address of the recipient of the package; and a declaration of the value of the contents of the package. According to information on the face of the airbill, "FedEx's "liability [was] limited to US$100 unless [the sender] declare[d] a higher value" in the space provided on the airbill. Each airbill included a twelve-digit number, referred to as a tracking number, and a barcode used to track the package as it moved through the FedEx system.

5. At all times relevant to this indictment, packages deposited into a FedEx drop box were picked up on a regular, reoccurring basis. The FedEx employee or contractor who picked up the package would scan the barcode on the airbill attached to the package using an optical scanning device. The scan of the barcode would place the package into the FedEx record keeping and tracking system. Later in the process additional information, such as the names and addresses of the sender and recipient's names, were inputted into the FedEx system. After pickup and scanning of the airbill, packages were forwarded to one of FedEx's "Hubs" where they were sorted and loaded out for delivery. FedEx operates several Hubs in the United States, including a Hub in Memphis, Tennessee. Once a package arrived at its destination, it was delivered to the address specified in the airbill.

**The Scheme and Artifice to Defraud and Obtain Money**

6. Beginning sometime before June 2015, and continuing until at least on or about March 5, 2019, the defendant devised and intended to devise, a scheme and artifice to defraud FedEx and obtain money from FedEx by means of false and fraudulent pretenses. It was part of the scheme and artifice to defraud and obtain money that the defendant would prepare a package for shipment, including the preparation of a FedEx airbill for the package; deposit that package with FedEx by placing it in a drop box; and then claim the package was lost and file an insurance claim with FedEx seeking reimbursement for the contents of the package at an inflated value. The packages shipped by the defendant contained items of little or no value; the value declaration on the airbills, however, valued the contents of the packages shipped by the defendant at approximately $2,900 or more. The packages identified in Counts 1 through 6 herein were processed through FedEx's Memphis Hub. As part of the scheme to defraud FedEx the defendant caused at least 96 packages to be deposited with FedEx for shipment; filed insurance claims on each of those packages; and was paid approximately $365,264.84 by FedEx on 96 of the claims.

7. As part of the scheme and artifice to defraud and obtain money, the defendant would prepare packages for deposit with and delivery by FedEx. The defendant would cause the shipments to be misdelivered by causing one delivery address to be written on the FedEx copy of the airbill, but a different address to be written on other airbill copies. The names of the recipient on these packages were often false, fictional, or assumed names.  The sender's address was typically listed as 14141 Bowling Green Ct. Orlando, Florida 32826.

3

8. As part of the scheme and artifice to defraud and obtain money, the defendant would deposit the packages into FedEx drop boxes located in the State of Florida. These packages were processed through the FedEx system in the normal course of business. The defendant would eventually file a claim with FedEx seeking reimbursement for the contents of the package, claiming that the package had not been delivered. As part of the FedEx claims process, the defendant would submit false, fictitious, and fraudulent invoices and communications to FedEx to establish the inflated value of the contents of the package as part of his claim.

9. If the defendant's insurance claim was approved, FedEx would mail a check in the amount of the claim payable to the sender of the package at the sender's address as shown on the airbill. As part of the scheme and artifice to defraud and obtain money, the defendant would cause the claims checks issued by FedEx to be sent to him in Florida. Upon receipt of a FedEx claim check, the defendant would deposit the check into a bank account he controlled.

10. The defendant conducted business and opened FedEx accounts under multiple names including, but not limited to the following: Design and Engineering Solutions; Design & Engineering Group; Design Engineering Group; Design Solutions Group; and, SCK Solutions.

## **COUNTS 1 THROUGH 6**

11. Paragraphs 1 through 10 of this indictment are realleged and incorporated by reference as if fully set forth herein.

4

12. On or about the dates listed in the chart below, in the Western District of Tennessee, the defendant,

> SHAUN C. KAVANAUGH
> a/k/a DYLAN RUSSO
> a/k/a DANIEL DONOVAN
> a/k/a KELLI CAMPBELL
> a/k/a PHILLIP WAGNER
> a/k/a KEVIN JOHNSON
> a/k/a BARRY WEST

for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and obtain money, did knowing deposit and cause to be deposited and to be sent and delivered by a private commercial interstate carrier, that is FedEx, a thing and matter, that is a package more specifically described below:

| Count No. | Tracking No. | Pick Up Date In Florida (on or about) | Processed in Memphis, Tennessee (on or about) | Claim Check Number | Claim Check Payee Name |
|---|---|---|---|---|---|
| 1 | 8126 0918 1109 | September 4, 2018 | September 4 -5, 2018 | 3814130 | Design Engineerign |
| 2 | 8106 9070 4024 | September 28, 2018 | September 29, 2018 | 3823570 | Design and Engineering Sol |
| 3 | 8106 9070 4057 | October 1, 2018 | October 1-2, 2018 | 3813649 | Design Solutions-Engineerin |
| 4 | 8106 9070 4138 | October 22, 2018 | October 22-23 2018 | 3824461 | Design and Engineering Sol |
| 5 | 8037 1702 3842 | November 19, 2018 | November 19-20, 2018 | 3829555 and 3827715 | Design and Engineering Sol |
| 6 | 8106 9547 5190 | November 27, 2018 | November 28, 2018 | 3832345 | Design & Engineering Solution |

5

All in violation of Title 18, United States Code, Section 1341.

**A TRUE BILL:**

_____
**F O R E P E R S O N**

**DATED: _____**

_____
**KEVIN G. RITZ**
**UNITED STATES ATTORNEY**

6